815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ivan ESPINAL, Petitioner-Appellant,
v.
Calvin EDWARDS, Respondent-Appellee.
 No. 86-1390.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1987.
 
 Before MARTIN, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 The petitioner appeals pro se from the district court's judgment denying his petition for a writ of federal habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner is a prisoner at the Federal Correctional Institution in Milan, Michigan. He was convicted of cocaine offenses and received a ten year sentence. The United States Parole Commission (the Commission) graded the petitioner's offense behavior as Category Eight because it involved more than fifteen kilograms of pure cocaine and because the petitioner participated in the conspiracy in a managerial role. It then held that, under its guidelines, the petitioner should serve his entire sentence.
 
 
 3
 The petitioner appealed to the National Appeals Board, arguing that his offense behavior should be rated as Category Six. The National Appeals Board held that the Category Eight rating was correct because the petitioner's argument was based on guidelines which were no longer in effect at the time of the Commission's decision.
 
 
 4
 The petitioner filed his writ in the district court raising the issue of whether the use of new parole guidelines violated the ex post facto clause of the Constitution. The district court denied the petition, holding that the guidelines were not laws and, therefore, the ex post facto clause did not apply.
 
 
 5
 In Ruip v. United States, 555 F.2d 1331, 1335-36 (6th Cir.1977), this Court held that the parole guidelines did not have the character of law and therefore did not fall under the ex post facto clause. The petitioner argues that this Court should adopt the Third Circuit's holding in United States ex rel. Forman v. McCall, 709 F.2d 852, 862 (3rd Cir.1983). There the Court held that the guidelines, if applied without substantial flexibility, are laws within the meaning of the ex post facto clause. The Court then remanded the case for the district court to take evidence on the question of the application of the guidelines.
 
 
 6
 Subsequently, the case again reached the Third Circuit. U.S.A. ex rel. Forman v. McCall, 776 F.2d 1156, 1164, cert. denied, 106 S.Ct. 1981 (1986). In this later appeal, the Court held that the Commission does apply the guidelines with substantial flexibility, so there is no ex post facto clause violation. If the petitioner's argument possessed any merit when it was made in the district court, the Third Circuit's subsequent decision has shown that there is no ex post facto clause violation regarding the parole guidelines. So the district court was correct to deny the petition.
 
 
 7
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.